## WADHAMS *against* THE LITCHFIELD AND CANAAN TURNPIKE COMPANY.

Where *A*, *B* and others entered into a contract with *X*, and *A* afterwards brought an action against *X* for a violation of his rights under that contract, it was held, that *B* was a competent witness for *A*, being only interested in the question.

Where the plaintiff contracted with the defendants, a turnpike company, to repair their road in a manner particularly specified, and keep it in repair, to the acceptance of the directors, in consideration of which the defendants agreed to permit the plaintiff to pass their gate toll-free; in an action founded on such contract, it was held, 1. that an acceptance of the road, by two of three directors, was sufficient; 2. *that evidence offered by the* defendants, to prove, that the road was out of repair, and that the plaintiff had been notified thereof, by one or more of the directors, and had been requested to repair it, was admissible, notwithstanding it did not appear, that the directors had assembled and made an adjudication respecting the

insufficiency of the road, no formal meeting or adjudication being necessary; 3. that evidence offered by the plaintiff, to shew, that the gatekeeper of the defendants, for a long period after the making of the road, permitted the plaintiff to pass toll-free, was admissible, the act of the gatekeeper, within the scope of his authority, being the act of the defendants, and the evidence being in itself proper to shew an acquiescence, on the part of the defendants, in the right claimed by the plaintiff.

*Litchfield,*
June, 1835.

Wadhams
*v.*
The Litchfield
and Canaan
Turnpike Company.

THIS was an action on the case for obstructing the plaintiff in the exercise of a right claimed by him of passing the *Southern* gate on the defendants' road, toll-free.

The cause was tried at *Litchfield, August* term, 1834, before *Daggett,* Ch. J.

The right claimed by the plaintiff depended on a contract entered into between the defendants, of the first part, and the plaintiff and others, of the other part, on the 10th of *August,* 1803. The plaintiff and others stipulated, that within twenty-one days from that date, they would alter and repair that part of the defendants' road which lies between certain limits specified, in a particular manner; and the defendants stipulated, that so long as the plaintiff and others should keep said road in such repair, or their heirs or assigns, who should respectively inhabit and own the houses of any of the subscribers to the contract, they, or such heirs or assigns, should have and enjoy full liberty, with their families and teams, to pass the *South* gate on said road free of toll; and that said road should be so made and kept in repair to the acceptance and satisfaction of the directors of said company for the time being.

Having read this contract, the execution of which was admitted, the plaintiff offered as a witness *Harvey Brooks,* a party to the contract; to the admission of whom the defendants objected, on the ground of his so being a party, and, therefore, interested in the event of the suit; for the verdict in this cause, as the defendants claimed, might be given in evidence hereafter in a controversy to which the witness might be a party. The court overruled the objection and admitted the witness.

The plaintiff then offered to prove, by this witness, that the plaintiff and his associates in the contract made the parcel of road therein specified, according to the terms thereof; and that after it was completed, *viz.* on the 1st of *September,* 1803, it was viewed, by two of the directors of the company, and by them accepted. To this evidence, so far as it related to the

HARVARD LAW LIBRARY

*Litchfield,*
*June, 1835.*
——————
Wadhams
*v.*
The Litchfield
and Canaan
Turnpike Com-
pany.

acceptance of the road, the defendants objected, on the ground that there being at that time three directors of the company, (which was an admitted fact,) an acceptance in compliance with the contract ought to have been made by them duly assembled as a board, or ought to have been made by all the directors. But the court held the evidence admissible; more especially, after the lapse of thirty-one years and an acquiescence therein, which the plaintiff proposed to prove and offered evidence to establish.

In further proof of performance, on the part of the plaintiff and his associates, the plaintiff offered testimony to shew, that the plaintiff and his associates had been permitted, by the gate-keeper of the defendants, to pass said *South* gate free of toll, from the 1st of *September*, 1803, until about the 1st of *September*, 1831, a few days prior to the injury complained of in the declaration. To this evidence the defendants objected, on the ground that it was irrelevant, and did not conduce to prove that for which it was offered; and also because the acts of the gate-keeper, in suffering such persons to pass free of toll, ought not to affect the rights of the defendants, unless brought home to their knowledge, or shewn to have been done by their consent or direction. This objection, also, the court overruled, and admitted the evidence.

The defendants offered evidence to prove, that at the time of the injury complained of in the declaration, and for a long time immediately previous, the parcel of road mentioned in the contract was not in good and sufficient repair; that the plaintiff and his associates suffered it to continue out of repair an unreasonable length of time, although they were notified, by one or more of the directors of the company, that it was out of repair, and were by them requested to repair it. This evidence was offered to shew, that the plaintiff, at the time of the injury complained of, had lost his right under the contract to pass toll-free. It was admitted, by the defendants, that there had been no meeting of the directors, at any time; and that there had been no adjudication upon the sufficiency of the road. The plaintiff objected to the evidence offered, on the ground that his right to pass toll-free could not be lost until the directors of the company had examined the road, and having assembled as a board, had adjudged that it was not in sufficient repair; and that the fact that the plaintiff was notified, by one or more of

the directors, that the road was out of repair, did not conduce to prove, that the directors did so assemble, and examine, and adjudge.    The court sustained this objection, and rejected the evidence offered by the defendants.

*Litchfield,*
June, 1835.

Wadhams
*v.*
The Litchfield
and Canaan
Turnpike Company.

The court charged the jury, that as it was admitted the plaintiff had been denied the privilege of passing the gate toll-free, as alleged in the declaration ; and as no competent proof was offered that there had been any meeting of the directors and adjudication on the road, of its insufficiency, according to the contract, which, by the terms of that contract, ought to appear, there could be no defence against the claim of the plaintiff.    The jury accordingly returned a verdict for the plaintiff, with nominal damages.    The defendants thereupon moved for a new trial.

*P. Miner* and *O. S. Seymour*, in support of the motion, contended, 1. That *Brooks*, being a party to the contract, had an interest, which ought to have excluded his testimony.

2. That the construction of the contract claimed by the plaintiff and sanctioned by the court, was incorrect.    A mere adjudication of non-acceptance, by the directors, would be a nugatory act ; and the only effect of the clause about satisfying the directors, is, to give the directors power to direct the contractors, within the contract, in matters concerning which the contract is not sufficiently explicit ;  to which directions the contractors have agreed to submit.    The clause is a mere *additional* stipulation, on the part of the contractors, in such matters as are before mentioned, to submit to the directions given by the directors.

3. That there was no necessity for the directors to meet as a board, to enable them to act in relation to the sufficiency of the road.    The word "directors," as used in the contract, is a mere *descriptio personarum.*  See *Southworth* v. *Lathrop,* 5 *Day* 237.

4. That if a meeting of the directors as a board was necessary to refuse to accept, there was the same necessity of such meeting to accept ; and therefore, the plaintiff's evidence in regard to an acceptance without a board, was inadmissible.

5. That evidence of the gate-keeper's having permitted the plaintiff to pass toll-free, was inadmissible.

*Litchfield,*
*June, 1835.*

*Wadhams*
*v.*
The Litchfield
and Canaan
Turnpike Com-
pany.

*T. Smith* and *Andrews,* contra, contended, 1. That *Brooks* was an admissible witness, he being only interested in the question.

2. That an acceptance of the road by two directors, was sufficient, especially after so long an enjoyment of the right by the plaintiff. *Rex* v. *Pulsford,* 8 *Barn. & Cres.* 350. (15 *Serg. & Lowb.* 235.)

3. That the evidence that the plaintiff had been permitted to pass the gate toll-free, for thirty years, conduced to show an admission by the defendants, that the plaintiff had kept the road in repair to the acceptance and satisfaction of the directors. The acts of the gate-keeper, within the scope of his employment, are evidence against the defendants. 2 *Kent's Com.* 288.

4. That it was not competent for the defendants to raise the question as to the matter of fact, whether the road had been long out of repair; for the contract refers the question, in express terms, to the decision of the board of directors. The words " to the acceptance and satisfaction of the directors," plainly indicate, that the repairs were to be made pursuant to their directions. And the directors must not only determine that the road is out of repair, but they must give notice of such determination.

WAITE, J. The several questions, relative to the admission of the testimony offered by the plaintiff, in our opinion, were correctly decided, by the superior court. *Brooks* was clearly a competent witness. A party to the transaction out of which the action arises, and possessing a community of interest in the subject, is, nevertheless, a competent witness, unless he be either a partner, or immediately responsible in the suit, or interested in the record. No interest in any disputed question will render a witness incompetent, who is not interested in the particular result, or in the record. 2 *Stark. Ev.* 781. *Bent* v. *Baker,* 3 *Term Rep.* 27. 3 *Stark. Ev.* 1729. The witness, in this case, was a party to the contract, by virtue of which the plaintiff claimed an exemption from the payment of toll. But he was no party to the suit, and could neither gain nor lose by the decision of the cause either way. His connexion with the plaintiff in the contract, was not such as to constitute him a partner; nor could the record in this case be evidence for, or

against him, in any suit between him and the company for a similar injury. The defendants, by refusing the plaintiff liberty to pass their gate, without the payment of toll, may have done no injury to the other parties to the contract. They may have continued, notwithstanding this refusal, to enjoy their exemption. The interest of the witness might affect his credit, but was not sufficient to exclude him from testifying.

*Litchfield,*
*June, 1835.*

Wadhams
*v.*
The Litchfield
and Canaan
Turnpike Company.

The acceptance of the road, after it was completed, by a majority of the directors, was sufficient.

The evidence that the defendants' gate-keeper, for a long period of time after the making of the road, permitted the plaintiff and his associates to pass their gate, without the payment of toll, was properly admitted. The company could act only by their agents; and the act of the gate-keeper, within the scope of his authority, might well be considered as the act of the company. It was proper to shew the acquiescence of the company in the claim, that the contract had been fulfilled, by the other party, and the road accepted by the directors.

The defendants offered evidence to prove, that at the time of the injuries complained of, and for a long time previous thereto, the plaintiff and his associates had suffered that part of the road, which they had agreed to maintain, to be out of repair; that they had been notified, by one or more of the directors, of the insufficiency of the road, and had been requested to repair it; which they had neglected to do. This testimony was rejected, by the court, upon the ground, that the directors had not assembled as a board, and made an adjudication respecting the insufficiency of the road. In this part of the case, we think the superior court erred. The directors were the agents of the company. Neither the law nor the terms of the contract required them to have any formal meeting, or to make any formal adjudication. The contract specified the manner in which the road was to be made and kept in repair. If this was done according to the terms of the contract, the plaintiff and his associates were entitled to the exemption agreed upon. The directors had no right to act capriciously. They could not, by withholding their approbation, unjustly deprive the builders of the road, after they had done all that was required of them, by their contract, of the stipulated reward for their labour.

On the other hand, if the plaintiff and his associates had suffered the road to remain out of repair, for a great and un-

*Litchfield,*
*June, 1835.*

Wadhams
*v.*
The Litchfield
and Canaan
Turnpike Com-
pany.

reasonable length of time after they had been notified, by the directors, of the condition of the road, and had been requested to repair it, they violated their contract and forfeited their exemption from the payment of toll, during the continuance of the insufficiency of the road.    The defendants, in our opinion, ought to have been permitted to show these facts in exculpation of their conduct.    A similar principle was recognized in the case of *Somers* & al. v. *Miner,* 9 *Conn. Rep.* 458.    This court there held, that it was not necessary to produce a vote of an association of ministers approving a clergyman ; that the association was not a corporate body,—and no legal proceedings were required of them.    All that was necessary was, to shew their approval ; and that it was of no importance in what manner that was proved, provided the fact were shewn.    The acts of a majority of the association were holden sufficient.

We think, therefore, that in consequence of the rejection of the evidence, offered by the defendants, and upon that ground alone, a new trial must be granted.

WILLIAMS, Ch. J. and BISSELL, J., concurred in this opinion.

CHURCH and HUNTINGTON, Js., gave no opinion, having been consulted in the cause.

New trial to be granted.